IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02228-BNB

ROSHAWN MCCLAIN,

    Plaintiff,

v.

UNITED STATES ATTORNEY GENERAL,
UNITED STATES ATTORNEY,
COLORADO STATE,
UNITED STATES GOVERNMENT,
THE PEOPLE OF THE STATE OF COLORADO,
FEDERAL CREDIT UNION C,
U. S. BANK, and
DENVER COMMUNITY FEDERAL CREDIT UNION,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 7 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Roshawn McClain, initiated the instant action by filing *pro se* a complaint and a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 (2006). Mr. McClain has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the complaint liberally because Mr. McClain is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. McClain will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). In order for Mr. McClain "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. McClain fails to provide a short and plain statement of the grounds upon which the Court's jurisdiction depends, *see* Fed. R. Civ. P. 8(a)(1), or a demand for judgment for the relief he seeks. *See* Fed. R. Civ. P. 8(a)(3). In addition, he fails to provide a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2).

Mr. McClain appears to complain that in June 2007 he only was allowed to open a personal account at the Aurora Schools Federal Credit Union, not a business account as he requested. On the basis of this allegation, he apparently believes that his constitutional rights have been violated.

Rather than summarizing each claim succinctly in the spaces allowed on the complaint form, Mr. McClain apparently expects the defendants and the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. McClain's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. McClain must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. McClain may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. McClain uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. McClain should be given an opportunity to file an amended complaint. He will be directed to do so below.

Mr. McClain is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. McClain should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. McClain file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled, "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. McClain, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that Mr. McClain submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. McClain fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED November 7, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02228-BNB

Roshawn McClain
1155 Rosemary St., Apt. E
Denver, CO 80220

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 11/7/07

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk